United States District Court
Southern District of Texas
**ENTERED**
October 02, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| LEONARDO MORONES, | § | |
| As next friend of L.A.M., a minor, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:20-cv-050 |
| | § | |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| And DENNIS LESTER, | § | |
| Defendants | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Pending before the Court is the "12(b)(1) Motion to Dismiss in Part and 12(b)(6) Motion to Dismiss Plaintiff's Original Petition" (hereinafter, Defendants' "Motion" or "Motion to Dismiss"), filed by Harlingen Consolidated Independent School District and Dennis Lester.  Dkt. No. 8.  After Defendants filed this Motion to Dismiss, Plaintiff Leonardo Morones filed his "Third Motion for Leave to File Amended Complaint" (hereinafter, "Morones's "Motion to Amend").  Dkt. No. 23.  For the reasons provided below, it is **RECOMMENDED** that the Court:  (1) **DENY** Morones's Motion to Amend; (2) **GRANT** Defendants' Motion to Dismiss, in part; (3) **DENY** Defendants' Motion to Dismiss, in part; and (4) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I.  Procedural History

Plaintiff Leonardo Morones, as next friend of L.A.M., a minor, initiated this civil action by filing an Original Petition in the 404th Judicial District Court of Cameron County, Texas on February 24, 2020.  Dkt. No. 1-3.  Asserting that federal question subject

matter jurisdiction exits, Defendants removed this action from the 404th Judicial District Court to this Court on April 8, 2020. Dkt. No. 1 at 1-2 (citing 28 U.S.C §§ 1331 and 1343). On June 9, 2020, Defendants filed their instant Motion to Dismiss. Dkt. No. 8. Defendants argue that dismissal is proper under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. *Id.*

Morones filed an untimely response to Defendants' Motion to Dismiss which failed to comply with the Local Rules. Dkt. No. 14. The Court struck Morones's response without prejudice to refiling. Dkt. No. 15. Morones additionally filed several submissions attempting to amend his Original Petition (Dkt. Nos. 13, 16, 18, 21), but those submissions also failed to comply with the Local Rules. *See* Dkt. Nos. 15, 17, 19, 22. On August 20, 2020, Morones filed his instant Motion to Amend. Dkt. No. 23. Defendants responded to the Motion to Amend on September 10, 2020, arguing that the Motion should be denied on futility grounds because Morones's proposed First Amended Complaint fails to state a claim within the jurisdiction of this Court. Dkt. No. 24.

Morones's Original Petition and proposed First Amended Complaint both fail to state a claim within the jurisdiction of the Court. Accordingly, for the reasons provided below, it is recommended that the Court deny Morones's Motion to Amend, grant Defendants' Motion to Dismiss, in part, and dismiss this case.

## II. Morones's Allegations

Morones's Original Petition states that Harlingen Consolidated Independent School District (hereinafter, "the District"), and its former band teacher, Dennis Lester, are liable to Morones for the injuries Lester inflicted on his son. Dkt. No. 1-3. In support of his Original Petition, Morones asserts as follows:

1.  On or about May 3, 2019, at Vernon Middle School in Harlingen, Texas, Lester assaulted L.A.M. and used excessive force while attempting to discipline him.  Dkt. No. 1-3 at 2-3.  Specifically, Lester grabbed and pulled L.A.M. by the arm, which left marks and caused serious injuries.  *Id.*  At the time, Lester was working as an employee of the District and L.A.M. was a twelve-year-old student enrolled at the school.  *Id.* at 3.

2.  Lester's assault and attempt to discipline L.A.M. violated L.A.M.'s rights under the Constitutions of Texas and the United States.  *Id.* at 4-5.  The District's actions and inactions make it liable to Morones under 42 U.S.C. § 1983 because Lester violated L.A.M.'s constitutional rights while acting under color of state law.  *Id.* at 5-6.

3.  Lester's conduct constituted negligence and gross negligence.  He is liable to Morones for the injuries caused by his conduct.  His conduct also justifies an award of exemplary damages under § 41.003(a) of the Texas Civil Practice and Remedies Code.  *Id.* at 5.

4.  In addition to being liable for negligence and gross negligence, Lester is also liable to Morones because he used excessive force.  The injuries caused by his use of excessive force required extensive medical treatment.  *Id.* at 6.  Because Lester used excessive force, § 22.0511 of the Texas Education Code applies to waive any official immunity he might otherwise be entitled to assert.  *Id.*

5.  In addition to requiring the payment of exemplary damages, the Court should issue monetary awards for past and future physical pain, past and future mental anguish, past and future medical expenses, and past and future loss of enjoyment.  The Court should also require Defendants to pay for the attorney's fees and court costs incurred by Morones in bringing this lawsuit.  *Id.* at 6-7.

Morones's proposed First Amended Complaint is very similar to his Original Petition.  *Compare* Dkt. No. 1-3, *with* Dkt. No. 23-1.  With respect to the alleged facts, the proposed First Amended Complaint differs from the Original Petition in that it: (1) specifies that Lester left *red* markings on L.A.M.'s arm; and (2) states that Lester failed to provide L.A.M. with assistance after the assault, or adequate, prompt medical care.  Dkt. No. 23-1 at 3-4.  With respect to the alleged legal claims, the proposed First Amended Complaint differs from the Original Petition in more significant respects.

Morones's Original Petition asserts that the District violated 42 U.S.C. § 1983 by violating the Constitutions of Texas and the United States.  Dkt. No. 1-3 at 3-5, 6 (listing a single "Cause of Action" against the District and stating that the District's constitutional deprivations constitute a violation 42 U.S.C. § 1983).  The Original Petition does not raise any other claims against the District, nor does it raise a § 1983 claim against Lester.  *Id.* Instead, the Original Petition asserts only common law tort claims against Lester, stating that Lester is liable for negligence, gross negligence, and the use of excessive force.  *Id.* at 5-6 ("Causes of Action Against Dennis Lester").  Morones's First Amended Complaint asserts the same claims he asserted in his Original Petition, except that he asserts all claims against both Defendants.  *Compare* Dkt. No. 1-3 at 3-6, *with* Dkt. No. 23-1 at 4-7.  In all other material respects, Morones's First Amended Complaint and Original Petition are the same.

## III.  Legal Standards

A. **FED. R. CIV. P. 15(a).**  Rule 15(a)(2) of the Federal Rules of Civil Procedure states that courts should "freely" grant leave to amend "when justice so requires."  FED. R. CIV. P. 15(a)(2).  Absent a substantial reason, such as a showing of substantial prejudice

to a party that cannot be cured through other means, a court's discretion is not broad enough to allow denial of leave to amend. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). That said, leave to amend is not automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).

Courts generally consider five factors when determining whether to grant leave to amend under Rule 15(a). *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Specifically, courts consider: (1) whether the moving party is guilty of undue delay; (2) whether the amendment is prompted by bad faith or a dilatory motive; (3) whether the moving party is guilty of repeated failure to cure deficiencies by previous amendments; (4) whether the amendment will cause the opposing party to suffer undue prejudice; and, (5) whether it would be futile to allow the amendment. *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). A motion to amend may be denied on futility grounds because, for example, the amended complaint would fail to state a claim, or the court would lack jurisdiction over the amended complaint. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873.

**B. FED. R. CIV. P. 12(b)(1)**. "Federal courts are courts of limited jurisdiction[.]" *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). The party asserting jurisdiction "constantly bears the burden of proof" to show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim for lack of subject matter jurisdiction when it lacks the constitutional or

statutory power to adjudicate the claim. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  A court may dismiss an action for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986).

**C. FED. R. CIV. P. 12(b)(6).**  Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a).  *Richter v. Nationstar Mortgage, LLC*, Civil Action No. H–17–2021, 2017 WL 4155477, at *1 (S.D. Tex., 2017).  Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) challenge, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570.  This means that a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory[.]" *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478

U.S. 265, 286, 106 S.Ct. 2932, 2944 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  *Id*.  Although the Supreme Court in *Twombly* stressed that it did not impose a probability standard at the pleading stage, an allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief.  *Id*. at 557.  A court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions[.]"  *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

**D.  Local Rule 7.4**.  Local Rule 7.4 provides that a party's failure to respond to a motion "will be taken as a representation of no opposition."  *See* Rule 7.4 of the Local Rules of the United States District Court for the Southern District of Texas.  *See also* Rule 6(C), Civil Procedures of Judge Rolando Olvera ("Failure to respond to an opposed motion will be taken as a representation of no opposition.").  Nevertheless, a district court may not grant a motion to dismiss simply because the plaintiff has failed to respond.  *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc*., 702 F.3d 794, 806 (5th Cir. 2012); *Guidry v. Wells Fargo Bank, N.A.,* No. CV H-16-2618, 2017 WL 58845, at *1 (S.D. Tex. Jan. 4, 2017).  The court must still assess the legal sufficiency of the plaintiff's claims to determine if dismissal is warranted.  *Id*.

**E.   Due Process and 42 U.S.C. § 1983**.   Pursuant to the Fourteenth Amendment, no state shall "deprive a person of life, liberty or property without due process of law."  U.S. Const. Amend. XIV.  This right to due process also protects against "state-occasioned damage to a person's bodily integrity[.]"  *Doe v. Taylor Indep. Sch.*

*Dist.*, 15 F.3d 443, 451-52 (5th Cir. 1994) (citing *Shillingford v. Holmes*, 634 F.2d 263,

265 (5th Cir. 1981)).  In relevant part, Section 1983 of Title 42 provides:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a judicial
> officer for an act or omission taken in such officer's judicial capacity,
> injunctive relief shall not be granted unless a declaratory decree was
> violated or declaratory relief was unavailable.

42 U.S.C. § 1983.  Section 1983 does not create substantive rights.  Instead, it creates a

private right of action to redress violations of federal law, such as the Fourteenth

Amendment, perpetrated by those acting under color of state law.  *Colson v. Grohman*,

174 F.3d 498, 504 n. 2 (5th Cir. 1999).  A plaintiff seeking § 1983 relief must show that:

(1) the conduct complained of was committed under color of state law; and (2) the conduct

deprived the plaintiff of rights secured by the Constitution or laws of the United States.

*See Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990) (citing *Daniel v. Ferguson*,

839 F.2d 1124, 1128 (5th Cir. 1998)).

As the U.S. Constitution does not "guarantee due care on the part of state

officials[,] liability for negligently inflicted harm is categorically beneath the threshold of

constitutional due process."  *City. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

"Regardless of the theory of liability that a plaintiff is pursuing, in order to state a viable

substantive due process claim the plaintiff must demonstrate that the state official acted

with culpability beyond mere negligence."  *McClendon v. City of Columbia,* 305 F.3d 314,

325 (5th Cir. 2002).  Moreover, to prevail, "the plaintiff must show that there was either

an official policy or an unofficial custom, adopted by the municipality, that was the

moving force behind the claimed constitutional violation." *Duvall v. Dallas Cnty, Tex.*, 631 F.3d 203, 209 (5th Cir. 2011) (citing *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978)).

## IV.  Discussion

As noted above, Morones's Original Petition and proposed First Amended Complaint both fail to state a claim within the jurisdiction of the Court.  The reasons they fail to state a claim are, in most instances, identical.  Because the reasons to deny Morones's Motion to Amend largely overlap with the reasons to dismiss his Original Petition, the Court will address Morones's Original Petition first.

**A.  Morones's Original Petition**.  Morones's Original Petition asserts that the District violated 42 U.S.C. § 1983 by violating the Constitutions of Texas and the United States.  Dkt. No. 1-3 at 3-5, 6 (listing a single "Cause of Action" against the District and stating that the District's constitutional deprivations constitute a violation 42 U.S.C. § 1983).  The Original Petition does not raise any other claims against the District, nor does it raise a § 1983 claim against Lester.  *Id*.  Instead, it asserts only common law tort claims against Lester, stating that Lester is liable for negligence, gross negligence, and the use of excessive force.  *Id*. at 5-6 ("Causes of Action Against Dennis Lester").[1]  The Petition does

---

[1] Morones's Original Petition and proposed First Amended Complaint both cite § 22.0511 of the Texas Education Code and purport to assert "excessive force" claims.  *See* Dkt. No. 1-3 at 6 and Dkt. No 23-1 at 7.  However, § 22.0511 does not provide Morones with an excessive force cause of action against Lester or the District.  Instead, when a defendant uses excess force and is sued in his individual capacity, § 22.0511 waives that defendant's immunity from personal liability.  *See Doe v. S & S Consol. I.S.D.*, 149 F. Supp. 2d 274, 297 (E.D. Tex. 2001) ("By its terms, the section does not affirmatively create rights for a plaintiff, but, rather provides immunity from personal liability."), *aff'd sub nom. Doe v. S&S Consol. Indep. Sch. Dist.*, 309 F.3d 307 (5th Cir. 2002); *Poloceno v. Dallas Indep. Sch. Dist.*, No. 3:18-CV-01284-E, 2019 WL 7305216, at *4 (N.D. Tex. Dec. 30, 2019) (same), *aff'd*, No. 20-10098, 2020 WL 5494511 (5th Cir. Sept. 10, 2020).

not specify whether Morones seeks to sue Lester in his official capacity or his individual capacity. However, it does state that, when Lester injured L.A.M., L.A.M. was a student and Lester was carrying out a disciplinary function as an employee of the District. *Id*. at 3.

Defendants assert that Morones's § 1983 claim against the District should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Dkt. No. 8 at 15-24. Defendants add that Morones's remaining claims should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks jurisdiction over: (1) Morones's claims against Lester; (2) Morones's common law tort claims against the District, to the extent that Morones attempts to assert such claims;[2] and (3) Morones's claims for exemplary damages. *Id*. at 8-15, 24.

**(1)    Defendants' Rule 12(b)(1) Arguments for the Dismissal of Morones's Claims Against Lester**. Defendants assert three separate arguments to support its claim that this Court lacks jurisdiction over Morones's claims against Lester. *See* Dkt. No. 8 at 8-12, 13-14. First, Defendants contend that Morones's claims against Lester are subject to dismissal under § 101.106(e) of the Texas Tort Claims Act ("TTCA"). *Id*. at 8. Section 101.106(e) provides that, "[i]f a suit is filed under [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the government unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e). Thus, because Morones has sued the District and Lester, Defendants argue that dismissal is proper under § 101.106(e) of the TTCA. *Id*. at 8-9.

---

[2] As mentioned above, Morones's Original Petition does not assert common law claims against the District. *See Supra* at p. 4. The Petition lists only a single "cause" of action against the District; and, it lists that § 1983 cause of action separately from its claims against Lester. *See* Dkt. No. 1-3 at 3-5, 5-6.

Second, and in the alternative, Defendants argue that dismissal is proper under § 101.106(f) of the TTCA.  Dkt. No. 8 at 9.  Section 101.106(f) provides that:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.  On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106(f).  Defendants contend that Lester's conduct was within the general scope of his employment as a District employee, and Morones could have brought suit against the District alone.  *Id.* at 9.  Thus, Defendants assert that this Court should dismiss Morones's claims against Lester pursuant to § 101.106(f).  *Id.* at 9-12.

Third, Defendants claim that § 22.0514 of the Texas Education Code requires this Court to dismiss Morones's claims against Lester because Morones failed to exhaust his administrative remedies before filing suit.  Dkt. No. 8 at 13.  Pursuant to § 22.0514, "[a] person may not file suit against a professional employee of a school district unless the person has exhausted the remedies provided by the school district for resolving the complaint."  TEX. EDUC. CODE § 22.0514.  Defendants argue that the District had policies in place that Morones should have used to present his complaint and receive "remediation."   Dkt. No. 8 at 13 (citing the District's "Board Policy" at https://pol.tasb.org/Policy/Download/255?filename=FNG(LOCAL).pdf ).  Having failed to exhaust his available administrative remedies, Defendants assert that this Court lacks jurisdiction over Morones's claims against Lester.  Therefore, Defendants contend, those claims "should be dismissed, with prejudice, as a matter of law."  *Id.* at 14.

**(a)   Defendants' Arguments for Dismissal of Lester Under Section 101.106(e) and (f) of the TTCA**.   "The TTCA provides a limited waiver of immunity for certain suits against Texas governmental entities." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 462 (5th Cir. 2010) (citing TEX. CIV. PRAC. & REM.CODE § 101.021; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008)).   However, under § 101.106, the TTCA's mandatory election of remedies provision, a plaintiff must choose between suing the governmental unit, or the employee(s) of that unit.   *Id*. (citing TEX. CIV. PRAC. & REM. CODE § 101.106).   If the plaintiff chooses to sue the governmental unit under the TTCA, his choice is irrevocable, and he may not then sue any employee of the unit regarding the same subject matter.   *Id*. (citing TEX. CIV. PRAC. & REM. CODE § 101.106(a)).   Likewise, if a plaintiff chooses to sue any employee of the unit under the TCCA, his choice is also irrevocable, and he may not then sue the governmental unit regarding the same subject matter unless the governmental unit consents.   *Id*. (citing TEX. CIV. PRAC. & REM. CODE § 101.106(b)).   If the plaintiff sues both an employee and the governmental unit under the TTCA, then the court shall dismiss the employee immediately upon the filing of a motion by the governmental unit.   *Id*. (citing TEX. CIV. PRAC. & REM. CODE § 101.106(e)).   The Texas Legislature designed the mandatory election of remedies provision "to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Id*. (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657).

In *Mission Consol. Indep. School Dist. v. Garcia*, the Supreme Court of Texas found that that "all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for

purposes of § 101.106." 253 S.W.3d 653, 659 (Tex. 2008) (alteration in original) (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622 (1997)) (giving § 101.106 this construction "[b]ecause the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the [Texas] government"). Nevertheless, "claims brought against the government pursuant to statutory waivers of immunity that exist apart from the TTCA are not 'brought under' the TTCA." *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 357 (Tex. 2013) (internal alterations omitted) (quoting *Garcia*, 253 S.W.3d at 659).

> Consequently, for § 101.106(e) to apply, a plaintiff must seek to recover under one or more Texas common-law theories brought under the Texas Tort Claims Act against both: (1) a Texas governmental unit and (2) at least one of its employees. *See* [*Tex. Adjutant Gen.'s Office v. Ngakoue*], 408 S.W.3d 350, 357; *City of Webster v. Myers*, 360 S.W.3d 51, 58 (Tex.App.-Hous. [1st Dist.] 2011) (deciding whether § 101.106(e) applies by "determining whether [the plaintiff] asserted a common law tort claim against both the Employees and the City in his Original Petition").

*Pyle v. City of Harlingen*, No. CIV. 1:13-147, 2014 WL 1230026, at *4 (S.D. Tex. Mar. 20, 2014). *See also Escobar v. Frio Cty.*, No. SA-17-CV-0392-DAE, 2019 WL 3238900, at *6 (W.D. Tex. July 18, 2019) (citing *Pyle v. City of Harlingen* and holding that § 101.106(e) did not apply because the plaintiff had only brought common law claims against the employee under the TTCA, and not the employee *and* the governmental unit). If a plaintiff does not bring a common law claim against both the governmental unit and a unit employee, then § 101.106(e) will not apply to require dismissal of the employee. *Id.*

Here, Morones has asserted common law claims against Lester. Dkt. No. 1-3 at 5-6. He has not asserted those claims against the District. Accordingly, his claim against the District does not qualify as a claim brought under the TTCA. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e) ("If a suit is filed under *this chapter* against both a governmental unit and any of its employees, the employees shall immediately be

dismissed on the filing of a motion by the government unit.") (emphasis added); *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 357; *Garcia*, 253 S.W.3d at 659; *Pyle v. City of Harlingen*, No. CIV. 1:13-147, 2014 WL 1230026, at *4; *Escobar v. Frio Cty.*, No. SA-17-CV-0392-DAE, 2019 WL 3238900, at *6.  As such, § 101.106(e) does not apply to Morones's lawsuit and Defendants' request for dismissal under § 101.106(e) should be denied.  *See id.*[3]

Because § 101.106(e) does not apply, the Court must consider Defendants' alternative request for dismissal under § 101.106(f).  Prior to the enactment of § 101.106(f):

> "public employees (like agents generally) have always been individually liable for their own torts, even when committed in the course of employment."  *Franka v. Velasquez*, 332 S.W.3d 367, 383 (Tex. 2011) (footnote omitted).  This meant that they, like anybody else, could be sued in their individual capacities for their tortious acts while at work.  *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.7 (Tex. 2009).  In 2003, however, the Texas legislature altered this common-law scheme when it amended the Texas Tort Claims Act to add Section 101.106(f) of the Texas Civil Practice and Remedies Code.  *See Garza v. Harrison*, 574 S.W.3d 389, 399 (Tex. 2019).

*Dante Trice et al. v. Pearland Indep. Sch. Dist. et al.*, No. 3:19-CV-00286, 2020 WL 4369499, at *2 (S.D. Tex. July 10, 2020), *report and recommendation adopted sub nom.*, *Trice v. Pearland Indep. Sch. Dist.*, No. 3:19-CV-00286, 2020 WL 4368058 (S.D. Tex. July 30, 2020).  Section 101.106(f) of the TTCA provides that:

---

[3]  By contrast, Morones's proposed First Amended Complaint does assert common law claims against Lester and the District.  Thus, § 101.106(e) applies to Morones's First Amended Complaint and would require the immediate dismissal of Morones's common law claims against Lester if Morones were allowed to amend.  *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the government unit.") (emphasis added).  For this reason, and as discussed below, Morones's proposed amended common law claims against Lester are futile under § 101.106(e) and (f).

> If a suit is filed against an employee of a governmental unit based on
> conduct within the general scope of that employee's employment and if it
> could have been brought under this chapter against the governmental unit,
> the suit is considered to be against the employee in the employee's official
> capacity only.  On the employee's motion, the suit against the employee
> shall be dismissed unless the plaintiff files amended pleadings dismissing
> the employee and naming the governmental unit as defendant on or before
> the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106(f).  Pursuant to its plain language, the Court
must apply § 101.106(f) when a government employee shows that, at the time the alleged
wrongful act or omission occurred: (1) he was an employee of a government unit; (2) his
alleged act or omission fell within the scope of his employment; and (3) the suit could
have been brought against the government unit under the TTCA.  *Id*; *Pyle v. City of
Harlingen*, 2014 WL 1230026, at *5 (citing *Tipps v. McCraw*, 945 F.Supp.2d 761, 767,
768 (W.D. Tex. 2013) and *Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. 2011)).

Section 101.001(5) of the Texas Civil Practice & Remedies Code defines "scope of
employment" as "the performance for a governmental unit of the duties of an employee's
office or employment and includes being in and about the performance of a task lawfully
assigned to an employee by competent authority."  TEX. CIV. PRAC. & REM. CODE
§ 101.001(5).  An employee's conduct falls within the scope of his authority when he is
discharging duties generally assigned to him.  *Carter v. Diamond URS Huntsville, LLC*,
175 F. Supp. 3d 711, 751 (S.D. Tex. 2016) (citing *Tipps v. McCraw*, 945 F.Supp.2d 761,
766; *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994)).  "[A]n act may
still be within the scope of the employee's duties even if the specific act that forms the
basis of the civil suit was wrongly or negligently performed, so long as the action was one
related to the performance of his job."  *Hopkins v. Strickland*, No. 01–12–00315–CV,
2013 WL 1183302, at *3 (Tex.App.–San Antonio May 20, 2015); *Carter v. Diamond URS*

*Huntsville, LLC*, 175 F. Supp. 3d 711, 751-52 (same). *See also Trice v. Pearland Indep. Sch. Dist.*, No. 3:19-CV-00286, 2020 WL 4369499, at *4 ("'Conduct that serves any purpose of the employer is within the scope of employment even if the conduct escalates beyond that assigned or permitted[.]'") (quoting *Fink v. Anderson*, 477 S.W.3d 460, 466–67 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Maintaining discipline falls within the general scope of a teacher's employment in Texas. *See, e.g., Deelen v. Klein Indep. Sch. Dist.*, No. CV H-14-923, 2015 WL 10767059, at *3 (S.D. Tex. Mar. 31, 2015) (recognizing a teacher's duty to "maintain class discipline" in Texas), *aff'd sub nom. Van Deelen v. Cain*, 628 F. App'x 891 (5th Cir. 2015). *See also Poloceno v. Dallas Indep. Sch. Dist.*, No. 3:18-CV-1284-S, 2019 WL 2568681, at *3 (noting that discipline "'must be maintained in school classrooms and gymnasiums to create an atmosphere in which students can learn[.]'") (*quoting Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 875 (5th Cir. 2000)).

Defendants contend that: (1) Lester was a District employee at the time he allegedly injured L.A.M; (2) Lester's conduct fell within the general scope of his employment because he was disciplining L.A.M. in his role as a teacher on the school campus; and, (3) Morones could have brought suit against the District alone. Dkt. No. 8 at 9-12. Morones has not refuted these allegations. Further, in his Original Petition, he states that Lester was an employee of the District working at the Vernon Middle School campus at the time he injured L.A.M., and that Lester injured L.A.M. while attempting to discipline him. Dkt. No. 1-3 at 2-3. Morones also asserts that the District authorized and sponsored Lester's conduct with its "policies, customs, practices, rules, and regulations (and lack thereof)[.]" *Id.*

It is not difficult to reach on finding on these facts. The parties do no dispute that Lester was a District teacher attempting to discipline a student at the time he allegedly

injured L.A.M.  Morones has provided no facts indicating that L.A.M. did not require

some form of discipline, nor has he provided any facts suggesting that Lester was not

authorized to discipline students in his role as a teacher.  Thus, as maintaining discipline

falls within the general scope of a teacher's employment in Texas, the Court finds that: (1)

Lester was an employee of a government unit at the time of the alleged assault; and, (2)

Lester's conduct fell within the general scope of his employment.  *See* TEX. CIV. PRAC. &

REM. CODE § 101.001(5); *Trice v. Pearland Indep. Sch. Dist.*, No. 3:19-CV-00286, 2020

WL 4369499, at *4; *Carter v. Diamond URS Huntsville, LLC*, 175 F. Supp. 3d 711, 751-52

(citing *Tipps v. McCraw*, 945 F.Supp.2d 761, 766; *City of Lancaster v. Chambers*, 883

S.W.2d 650, 658); *Deelen v. Klein Indep. Sch. Dist.*, No. CV H-14-923, 2015 WL

10767059, at *3; *Hopkins v. Strickland*, No. 01–12–00315–CV, 2013 WL 1183302, at *3.

Further, Morones could have brought suit under the TTCA against the District

alone.  *In Franka v. Velasquez*, the Supreme Court of Texas held that when an employee's

tortious conduct occurs while the employee is acting within the scope of his employment,

then the claims are "considered to be against the employee in the employee's official

capacity only[.]"  332 S.W.3d 367, 381 (Tex. 2011) (citing TEX. CIV. PRAC. & REM.CODE

§ 101.106(f)).  The only exception to this rule is the exception that applies when the

employee acts "*ultra vires*;" or, beyond their authority.  *Id*. at 382.  As such,

> section 101.106(f)'s two conditions are met in almost every negligence suit
> against a government employee: he acted within the general scope of his
> employment and suit could have been brought under the Act—that is, his
> claim is in tort and not under another statute that independently waives
> immunity.  In such cases, the suit "is considered to be against the employee
> in the employee's official capacity only", and the plaintiff must promptly
> dismiss the employee and sue the government instead.

*Id*. (footnotes omitted).  *See also Trice v. Pearland Indep. Sch. Dist*., No. 3:19-CV-00286,

2020 WL 4369499, at *4 (defendants met "low hurdle" to show claims could have been

brought against the governmental unit under the TTCA because "'all tort claims, including intentional torts, 'could have been brought' against the governmental unit, regardless of whether the governmental unit's immunity from suit is expressly waived by'" the TTCA) (quoting *Newton v. Joseph*, No. 1:13-CV-510, 2016 WL 3749120, at *2 (E.D. Tex. July 13, 2016), *rev'd on other grounds*, 718 F. App'x 256 (5th Cir. 2018) and citing *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014)).

Morones has not stated that he is suing Lester in his individual capacity, nor has he claimed that Lester was acting beyond his authority.  Thus, because Lester was a District employee acting within the general scope of his employment when he allegedly injured L.A.M., § 101.106(f) applies.  Under § 101.106(f), this Court lacks jurisdiction over Morones's claims against Lester and Defendants' Motion to Dismiss those claims must be granted.  *See* TEX. CIV. PRAC. & REM.CODE § 101.106(f) (stating that dismissal is mandatory "unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed."); *Trice v. Pearland Indep. Sch. Dist.*, No. 3:19-CV-00286, 2020 WL 4369499, at *4-5 (finding that § 101.106(f) applied and granting a Rule 12(b)(1) motion to dismiss); *Franka v. Velasquez*, 332 S.W.3d 367, 381-85 (requiring dismissal of all tort claims regardless of whether the TTCA has waived the governmental unit's immunity).

**(b) Defendants' Argument for Dismissal Due to Morones's Alleged Failure to Exhaust His Administrative Remedies.**  The Court need not address Defendants' exhaustion-of-remedies argument because Lester's dismissal is proper under TEX. CIV. PRAC. & REM.CODE § 101.106(f).  Further, it is not recommended that the Court buttress a dismissal under § 101.106(f) with a dismissal for failure to exhaust administrative remedies because Defendants have not shown that administrative

remedies were available to Morones.  Defendants argue that the District's "Board Policy" detailed procedures that Morones should have used to present his complaint and receive remediation.   Dkt. No. 8 at 13 (citing the District's Board Policy, at https://pol.tasb.org/Policy/Download/255?filename=FNG(LOCAL).pdf).  However, the Board Policy does not appear to cover complaints for teacher-upon-student assault.  *See* https://pol.tasb.org/Policy/Download/255?filename=FNG(LOCAL).pdf (last visited on September 29, 2020) (specifying that parents or students may file complaints about a variety of subjects such as discrimination, dating violence, grades, instructional resources, extracurricular activities, and class placement).  The closest the Policy comes to addressing teacher-upon-student assault is to state that complaints may be filed about bullying.  *Id.*  Still, even this provision of the policy does not clearly apply to teacher-on-student bullying.  *Id.*

Perhaps more critically, there is nothing in the Board Policy indicating that Morones could have obtained an appropriate remedy, had he filed a complaint.  *See* https://pol.tasb.org/Policy/Download/255?filename=FNG(LOCAL).pdf (last visited on September 29, 2020).  Therefore, a finding that dismissal is proper due to Morones's alleged failure to exhaust available administrative remedies is neither necessary, nor recommended at this juncture. *See Coit Indep. Joint Venture v. Fed. Savings & Loan Ins. Corp.*, 489 U.S. 561, 109 (1989) ("Administrative remedies that are inadequate need not be exhausted"); *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985) ("Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavoidable or are wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action"); *Moreno v. Northside I.S.D.*, No. CV SA-11-CA-0746-XR, 2012 WL 13029076, at *2–3

(W.D. Tex. Jan. 23, 2012) (denying a Rule 12(b)(1) motion to dismiss based on an alleged failure to exhaust administrative remedies where Texas school district failed to identify any available administrative remedies); *Ogletree v. Glen Rose Indep. Sch. Dist.*, 314 S.W.3d 450, 454 (Tex. App.—Waco 2010) ("Futility is a recognized exception to the exhaustion of administrative remedies requirement.").

**(2)   Defendants' Argument that Morones's § 1983 Claim Against the District Should be Dismissed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure**.   Defendants advance two main arguments for the dismissal of Morones's § 1983 claim under Rule 12(b)(6).   *See* Dkt. No. 8 at 15-24.   First, Defendants contend that Morones has failed to state a § 1983 claim because he has failed to identify the violation of a federally protected right.   *Id.* at 15-17.   Second, Defendants assert that Morones has otherwise failed to satisfy the pleading requirements necessary to state a claim under § 1983.   *Id.* at 17-24.   To the extent discussed below, the Court finds that Defendants' arguments are supported by the record and the relevant case authority.

**(a) Morones Has Failed to State a § 1983 Claim Because He Has Failed to Identify the Violation of a Federally Protected Right.**   As noted above, Morones's Original Petition asserts that the District violated 42 U.S.C. § 1983 by violating the Constitutions of Texas and the United States.   Dkt. No. 1-3 at 3-6.   To state a claim under § 1983, a plaintiff must show the violation of a right protected by federal law, not state law.   42 U.S.C. § 1983; *Hernandez v. Maxwell*, 905 F.2d 94, 95 (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1128).   Morones does not specify which portion(s) of the U.S. Constitution were violated, but he does state that the District failed to protect L.A.M.'s "bodily integrity and life[.]"   Dkt. No. 1-3 at 3.

"[S]chool children have a liberty interest in their bodily integrity protected by the Due Process Clause of the Fourteenth Amendment, and . . . physical abuse by a school employee violates that right." *Arevalo-Rivas v. Austin Indep. Sch. Dist.*, No. A-15-CV-430-LY, 2015 WL 7161995, at *4 (W.D. Tex. Nov. 13, 2015) (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 451–52); *Trice v. Pearland Indep. Sch. Dist.*, No. 3:19-CV-00286, 2020 WL 1557750, at *8 (S.D. Tex. Mar. 16, 2020), *report and recommendation adopted*, No. 3:19-CV-00286, 2020 WL 1667748 (S.D. Tex. Apr. 1, 2020) (same); *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 390 F. Supp. 3d 822, 837 (S.D. Tex.), *reconsideration denied*, 403 F. Supp. 3d 610 (S.D. Tex. 2019), *and appeal dismissed sub nom. J. W. v. Katy Indep. Sch. Dist.*, No. 19-20696, 2019 WL 8331534 (5th Cir. Dec. 3, 2019) (same).

Nevertheless, when the physical abuse is the result of corporal punishment,[4] the student may not state a claim under the Fourteenth Amendment for the violation of his procedural due process rights on the grounds that he was not allowed to be heard pre-deprivation. *Trice v. Pearland Indep. Sch. Dist.*, No. 3:19-CV-00286, 2020 WL 1557750, at *8 ("'[T]here is no procedural due process violation when a corporally punished student is not given the opportunity to be heard pre-deprivation.'") (quoting "*Clayton ex rel. Hamilton v. Tate Cty. Sch. Dist.*, 560 F. App'x 293, 297 (5th Cir. 2014) (internal quotation marks, emphasis, and citation omitted)"); *Poloceno v. Dallas Indep. Sch. Dist., No.* 3:18-CV-1284-S, 2019 WL 2568681, at *3 ("The Supreme Court has held that 'the Due Process Clause does not require notice and a hearing prior to the imposition of corporal

---

[4] Physical abuse constitutes corporal punishment when "the school official intended to discipline the student for the purpose of maintaining order or respect[.]" *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 390 F. Supp. 3d 822, 844 (quoting *Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, 511 (5th Cir. 2004)). Here, as noted above, Morones admits that Lester was attempting to discipline L.A.M., and he has provided no facts indicating that Lester's acts or intentions were not for the purpose of maintaining order or respect.

punishment in the public schools, as that practice is authorized and limited by the common law.'") (quoting *Ingraham v. Wright*, 430 U.S. 651, 682 (1977)).  Procedural due process is satisfied when the state provides adequate post-deprivation remedies.  *Id.*

Relatedly, if state law provides adequate remedies, the discipline of a student, even if excessive, will not give rise to a Fourteenth Amendment substantive-due process claim. *Fee v. Herndon*, 900 F.2d 804 (5th Cir. 1990) (plaintiffs could not bring substantive due-process claims under § 1983 for excessive corporal punishment if the state had adequate state-law remedies); *Flores v. School Board of DeSoto Parish*, 116 Fed. Appx. 504, 509 ("This circuit does not permit public school students to bring claims for excessive corporal punishment as substantive due process violations under § 1983 if the State provides an adequate remedy"); *Trice*, No. 3:19-CV-00286, 2020 WL 1557750, at *8 (same); *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 390 F. Supp. 3d 822, 837 ("[C]ourts have interpreted *Fee* to preclude substantive due-process claims against school officials for using corporal punishment on students.") (citing *Marquez v. Garnett*, 567 F. App'x 214, 217–18 (5th Cir. 2014*)* and *D.A. v. Hous. Indep. Sch. Dist.*, 716 F. Supp. 2d 603, 625 (S.D. Tex. 2009), *aff'd sub nom. D.A. ex rel. Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450 (5th Cir. 2010)); *T.O. v. Fort Bend Indep. Sch. Dist.*, No. CV H-19-0331, 2020 WL 1442470, at *5 (S.D. Tex. Jan. 29, 2020), *report and recommendation adopted*, No. 4:19-CV-331, 2020 WL 1445701 (S.D. Tex. Mar. 24, 2020) (same).  As the court in *Poloceno v. Dallas Indep. Sch. Dist.*, recently explained:

> [C]orporal punishment in public schools constitutes a deprivation of substantive due process "when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 875 (5th Cir. 2000) (quoting *Fee v. Herndon*, 900 F.2d 804, 808 (5th Cir. 1990)). When a state proscribes and provides a remedy for student mistreatment, an educator cannot be found to have acted arbitrarily.  *Id.*

And, "discipline is clearly a legitimate state goal" because "[i]t must be maintained in school classrooms and gymnasiums to create an atmosphere in which students can learn." *Id.* In light of these principles, the Fifth Circuit has held that the constitutional right to bodily integrity is not implicated when "the conduct complained of is corporal punishment—even unreasonably excessive corporal punishment—intended as a disciplinary measure" so long as "the forum state affords adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions." *Id.* (emphasis omitted) (quoting *Fee*, 900 F.2d at 808).

No. 3:18-CV-1284-S, 2019 WL 2568681, at *2–3.

Texas provides adequate remedies for the corporally punished student raising "both procedural and substantive due process claims." *Trice,* No. 3:19-CV-00286, 2020 WL 1557750, at *8 (citing *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 875; *Washington*, 390 F. Supp. 3d at 844; *Poloceno*, No. 3:18-CV-1284-S, 2019 WL 2568681, at *3). Section 22.051(a) of the Texas Education Code and Section 9.62 of the Texas Penal Code forbid excessive corporal punishment. *Poloceno.*, No. 3:18-CV-1284-S, 2019 WL 2568681, at *3 (citing TEX. EDUC. CODE ANN. § 22.051(a) and TEX. PENAL CODE ANN. § 9.62). The Fifth Circuit "has found that these remedies, along with Texas's traditional common-law remedies, are adequate." *Id.* (citing *Moore.*, 233 F.3d 871, at 876 and noting that § 22.051(a) of the Texas Education Code was amended in 2003, but "the relevant language" addressed in *Moore* has remained the same). *See also Marquez v. Garnett*, 567 F. App'x 214, 217–18 (referencing civil remedies, such as those available under the TTCA, and citing *Fee v. Herndon* and *Moore v. Willis Indep. Sch. Dist,* for the proposition that "Texas provides criminal and civil remedies to parents like Marquez."); *Washington*, 390 F. Supp. 3d 822, 844 ("[A] student may not bring a substantive-due process claim for corporal punishment intended to discipline the student, even if the punishment was excessive, because Texas provides adequate administrative remedies."). Accordingly, as Defendants correctly argue (Dkt. No. 8 at 15-17), Morones has failed to

identify a violation of the Fourteenth Amendment, as that law is interpreted in this Circuit.[5]

Morones has also failed to identify the violation of any other federal constitutional right. When a search or seizure is involved, corporally punished students sometimes claim a violation of their Fourth Amendment rights. *See, e.g, Brown v. Coulston,* No. 4:19-CV-168-SDJ, 2020 WL 2813200, at *7-11 (E.D. Tex. May 29, 2020) (addressing a student's § 1983 claim that his Fourth Amendment rights were violated); *Trice,* No. 3:19-CV-00286, 2020 WL 1557750, at *5-6 (same). However, Morones has not alleged facts invoking the Fourth Amendment here because: (1) he has alleged no facts indicating that Lester's actions constitute a search; and, (2) he has alleged no facts indicating that Lester's actions constitute a seizure. *See Brown v. Coulston,* No. 4:19-CV-168-SDJ, 2020 WL 2813200, at *9 (quoting *Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, 510 (5th Cir. 2004) (unpublished) for the proposition that "momentary" seizures in the corporal punishment context have not qualified as Fourth Amendment violations because they are

---

[5] In *Clayton ex rel. Hamilton v. Tate Cty. Sch. Dist.*, the Fifth Circuit noted that "the majority of the circuits have held that students affected by corporal punishment may raise [substantive due process] claims, with most circuits using the shocks the conscience test." 560 F. App'x 293, 297, n.1 (5th Cir. 2014) (per curiam, unpublished) (citations and internal quotations omitted). The *Clayton* Court also acknowledged that "the Supreme Court has said that '[a] plaintiff . . . may invoke § 1983,' with respect to a substantive due process claim, 'regardless of any state-tort remedy that might be available to compensate him for the deprivation of these rights.'" *Id.* (quoting *Zinermon v. Burch*, 494 U.S. 113, 125(1990)). As explained in *Zinermon*, the remedy provided by § 1983 "is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." *Zinermon*, 494 U.S. 113, 124 (citations and internal quotations omitted). Despite *Zinermon* and the findings of other circuits, the *Clayton* Court held that it was "bound to apply this circuit's precedent" under the "well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." 560 F. App'x 293, 297, n.1 (quoting *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)).

"not the type of detention or physical restraint normally associated with Fourth Amendment claims.").

Relatedly, the Fifth Circuit has declined to recognize a Fourth Amendment violation in the corporal punishment context on facts far more egregious than those presented here. *See Brown,* No. 4:19-CV-168-SDJ, 2020 WL 2813200, at *9 ("In *Flores* . . . a teacher allegedly threw [a special education] student against a wall, placed his hands around the student's neck, and began to choke him while threatening bodily harm. . . . The Fifth Circuit declined to recognize the plaintiffs' claim under the Fourth Amendment.") (citing *Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, at 510).  In *Flores v. Sch. Bd. of DeSoto Par*, the Fifth Circuit stated that it had "not previously decided whether a teacher's momentary use of force against a student gives rise to a Fourth Amendment seizure violation." 116 F. App'x 504, at 509.  It noted that maintaining discipline in schools allows for more control over students "than would otherwise be permitted under the Fourth Amendment." *Id.* at 510.  It then found that "permitting students to bring excessive force claims under the Fourth Amendment would eviscerate this circuit's rule against prohibiting substantive due process claims on the part of schoolchildren for excessive corporal punishment." *Id.*

Morones has no provided facts to support a finding that he has stated a claim under the Fourth Amendment.  This Court has also found no authority to indicate that he could proceed with such a claim.  *See Flores*, 116 F. App'x 504, 509-510 (declining to recognize a Fourth Amendment violation in the corporal punishment context on facts far more egregious than those presented here); *Brown,* No. 4:19-CV-168-SDJ, 2020 WL 2813200, at *11-12 (same);  *Trice*, No. 3:19-CV-00286, 2020 WL 1557750, at *5-6 (same).  Thus, because he has failed to state a claim for a violation of a federal constitutional right, he

cannot state a claim under § 1983.  *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (To state a § 1983 claim, Plaintiff must "(1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.") (citations omitted).  His claim under § 1983 should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil procedure.

**(b) Morones Has Failed to Satisfy the Pleading Requirements Necessary to State a Claim Under § 1983**.  In addition to failing to allege the violation of a federal right, Defendants argue that Morones has otherwise failed to state a claim under § 1983.  Dkt. No. 8 at 17-24.  Morones states that the District officially maintained numerous "dangerous" customs, policies, practices, rules, and regulations which caused the constitutional deprivations at issue.  Dkt. No. 1-3 at 3-5.  He also states that the District's lack of adequate customs, policies, practices, rules, and regulations are responsible for those same deprivations.  *Id*.  More specifically, he claims that the District had a custom, policy, or practice of:

> (1) maintaining inadequate safety standards at Vernon Middle School;
>
> (2) failing to enforce safety standards at the School;
>
> (3) failing to adequately train the School's staff or maintain trained staff;
>
> (4) failing to adequately supervise the staff;
>
> (5) allowing the staff to use their own discretion when disciplining students; and
>
> (6) allowing the staff to use excessive force to discipline students.

*Id*.  Morones asserts that these enumerated policies, customs, and practices were so widespread, persistent, and well settled that they had become "official policies" of the District prior to, and on the date of, Lester's alleged assault upon L.A.M.  *Id*. at 4.

A plaintiff may hold a municipality liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694; *Truong v. Alief Indep. Sch. Dist.*, No. CV H-16-00427, 2016 WL 6680930, at *3 (S.D. Tex. Nov. 14, 2016) (same).  Public school districts in Texas are considered municipalities for § 1983 purposes.  *Smith v. Houston Indep. Sch. Dist.*, No. CV H-18-2938, 2018 WL 5776936, at *1 (S.D. Tex. Nov. 2, 2018) (citing *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398 (5th Cir. 2015)).  Public school districts are also considered government agencies which exercise only the powers delegated to them by the State of Texas.  *Wasson Interests, Ltd. v. City of Jacksonville (Wasson I)*, 489 S.W.3d 427, 430 n.3 (Tex. 2016); *La Joya Indep. Sch. Dist. v. Trevino*, No. 13-17-00333-CV, 2019 WL 1487358, at *3 (Tex. App. Apr. 4, 2019), *review dismissed* (Oct. 4, 2019) (same).  A school district's final policy making authority rests with its board of trustees.  *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993); *Smith v. Houston Indep. Sch. Dist.*, No. CV H-18-2938, 2018 WL 5776936, at *2.

Under *Monell v. Dep't of Soc. Serv*, asserting a successful § 1983 claim against a school district requires proof of "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Truong v. Alief Indep. Sch. Dist.,* No. CV H-16-00427, 2016 WL 6680930, at *3 (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).  A plaintiff may satisfy the "policy or custom" requirement with proof of: (1) an ordinance, policy statement, regulation or decision that is officially adopted and promulgated by the school district's "lawmaking officers or by an official delegated policy-making authority;" or (2) "a persistent, widespread practice of

city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984); *Truong*, No. CV H-16-00427, 2016 WL 6680930, at *3 (same).  If a plaintiff attempts to use the actions of district employees to prove a "custom," the employees' actions "must have occurred for so long or so frequently that the course of conduct warrants attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [district] employees." *G.M. v. Shelton*, 595 F. App'x 262, 265 (5th Cir. 2014) (citing *Webster v. City of Hous.*, 735 F.2d 838, 841); *Smith,* No. CV H-18-2938, 2018 WL 5776936, at *2 (same).  Allegations describing the target custom or policy and its relationship to an underlying constitutional violation must set out specific facts and cannot be conclusory. *Id.* (citing *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997)); *Truong*, No. CV H-16-00427, 2016 WL 6680930, at *3 (same).

Morones's above-summarized allegations are vague, conclusory, implausible, or a combination of all three.  He has alleged no facts to support the claim that the District's board of trustees officially adopted or promulgated any policy, rule, regulation or decision which was the moving force behind the alleged constitutional violation.  He has alleged no facts indicating that any District policy maker had actual or constructive knowledge of a policy, practice, or custom that was the moving force behind the alleged constitutional violation.  He has alleged no facts indicating that any objectionable official or employee conduct was so frequent, widespread, or long-standing that it could be attributed to the District, or fairly understood to represent District policy.  Morones has failed to satisfy the pleading requirements necessary to state a claim under § 1983.  His claim should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B. Morones's Proposed First Amended Complaint**.  Morones's proposed

First Amended Complaint asserts the same claims as he asserted in his Original Petition,

except that he asserts all claims against both Defendants.  *Compare* Dkt. No. 1-3 at 3-6,

*with* Dkt. No. 23-1 at 4-7.  Accordingly, for the reasons provided above, the proposed First

Amended Complaint:

> (1)  fails to state a § 1983 claim against the District;
>
> (2)  fails to state a § 1983 claim against Lester because it similarly fails to identify a violation of a federally protected right, or satisfy the pleading requirements of § 1983; and
>
> (3)  fails to state common law claims against Lester within the jurisdiction of the Court under TEX. CIV. PRAC. & REM. CODE § 101.106(e) and (f).

Additionally, Morones's proposed First Amended Complaint fails to state common

law claims against the District within the jurisdiction of the Court because the District

maintains governmental immunity against those claims.  In Texas, governmental entities,

such as public school districts, are immune from tort claims unless the TCCA specifically

waives their immunity.  *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49,

51 (Tex. 1992).  The TTCA grants limited waivers of immunity from suit against

governmental entities for claims arising in three general areas: "(1) injury caused by an

employee's operation or use of a motor-driven vehicle or motor-driven equipment, (2)

injury caused by a condition or use of tangible property, and (3) injury caused by a

condition or use of real property."  *VIA Metro. Transit Auth. v. Reynolds*, No. 04-18-

00083-CV, 2018 WL 3440701, at *1 (Tex. App. July 18, 2018) (citations omitted).

Morones has alleged no facts invoking these limited waivers of immunity.  Accordingly,

his proposed common law claims against the District fail to state a claim within the

jurisdiction of the Court. *See LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 ("A school district is not liable for a personal injury proximately caused by a negligent employee unless the injury 'arises from the operation or use of a motor-driven vehicle or motor-driven equipment.'") (quoting TEX. CIV. PRAC. & REM. CODE § 101.021).

Because Morones's proposed First Amended Complaint fails to state any claims within the jurisdiction of the Court, allowing him to amend would prove futile.  His Motion to Amend should be denied. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (a motion to amend may be denied on futility grounds when the proposed amendment fails to state a claim, or when the court would lack jurisdiction over the claims contained in the amendment).

## V.  Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court: (1) **DENY** Morones's Motion to Amend (Dkt. No. 23); (2) **GRANT** Defendants' Motion to Dismiss (Dkt. No. 8), in part; (3) **DENY** Defendants' Motion to Dismiss, in part; and (4) **DIRECT** the Clerk of Court to **CLOSE** this case.[6]

## VI.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain

---

[6]  Should the Court adopt this recommendation, the parties' Joint Motion for Entry of Agreed Protective Order will become moot and can be denied as such.  *See* Dkt. No. 20.

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this 2nd day of October, 2020, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**

31/31